Breitel, J. (dissenting).
I dissent and vote to reverse and grant the petition to stay arbitration.
The agreement involved is the standard contract for the construction of buildings developed by the American Institute of Architects (Modern Legal Forms, § 1611). It is used widely in this State and in the Nation. Its provisions, and particularly its provisions for arbitration, have often been before the courts, and are well known to people in the industry.
A notable, but not a unique, feature of the standard contract are the several conditions precedent provided before arbitration may be effectively demanded. The conditions have the purpose of preventing afterthought claims by builders, contractors, and subcontractors. These are usually claims for damages due to delay, the cost of extras, and the almost endless series of possible claims which can and are made on construction jobs after everything has been done and final payment made. Then the one who is to pay may be unwittingly deprived of his choice for what he will be responsible. A key cut-off point in the standard contract is final payment and a key figure in the use of the conditions precedent is the architect who is supposed to serve as a middle or third party between the owner-builder and the contractor.
There is no dispute in this case, and the opinion for the majority reveals this candidly, as did indeed the opinion at Special Term, that the conditions precedent to arbitration in this case were not satisfied. The excuse for avoiding fulfillment of *362 the conditions is that at an earlier stage it was in the interest of the owner-builder and the contractor to unite against the subcontractor who had, they believed, failed in performance. This was true, but this provides no excuse for not satisfying the conditions precedent. In language known and used by lawyers since almost the beginning of the profession, and known and used by people in the construction business, the contractor could and would have reserved his rights by making his claims conditionally. That is, he could and would have asserted that the subcontractor was the defaulter and the one to respond in damages, but, if for any reason, that should not turn out to be so, then whatever the contractor had to do to correct the failures attributed to the subcontractor, about which the owner-builder was complaining, would then be at the expense of the owner-builder. In this way all the likely and unlikely consequences and superficial inconsistencies suggested would vanish as quite inconsequential.
Instead of complying with the explicit requirements in the standard contract the contractor never indicated in any writing that he would look to the owner-builder for payment, if it should eventuate that the subcontractor was not liable for the correction of the faulty conditions. True, there was some testimony to an alleged oral conversation but Special Term expressly declined to so find, let alone consider its legal effectiveness if there had been such a conversation. Since the subcontractor is employed by the contractor, it is readily seen how the owner-builder could have been misled by the contractor’s conduct. This in the face of article 16 of the standard contract which provides : “If the Contractor claims that any instructions by drawings or otherwise involve extra cost under the Contract, he shall give the Architect written notice thereof within a reasonable time after the receipt of such instructions, and in any event before proceeding to execute the work, except in emergency endangering life or property, and the procedure shall then be as provided for changes in the work. No such claim shall be valid unless so made.” It would unnecessarily protract this discussion to detail how flagrantly the other conditions precedent remain unfulfilled. Moreover, it suffices that the contractor and the several courts which have considered the case have accepted the noncompliance to be so, as does the opinion for the majority.
*363 Of course, conditions precedent, like any other terms of a contract, may be obviated by waiver, valid modification, estoppel, abandonment, rescission, or fraud (Restatement, Contracts, §§ 294-304; Ann., Private Construction Contract—Extras, §§ 19-21, 2 ALR 3d 620, 648-658, infra). But there are no facts established sufficient to sustain such an issue.
Instead, Special Term in this case, approved by the Appellate Division, and now by this court, reconstructed the relationship and the agreement between the parties, plainly in the face of and contrary to the provisions of the standard contract, and held that arbitration should proceed despite noncompliance with the conditions precedent.
The courts in the past have accorded greater respect to the standard contract provisions for arbitration, as they have to all prescribed conditions precedent in arbitration agreements (Matter of Exercycle Corp. [Maratta], 9 N Y 2d 329, 335; Matter of Board of Educ. [Heckler Elec. Co.), 7 N Y 2d 476, 481; Matter of Frouge Corp. [New York City Housing Auth.], 26 A D 2d 269, 272; Matter of Brown & Guenther [North Queensview Homes], 18 A D 2d 327, 330-331; Matter of Board of Educ. [Bernard Assoc. No. 3], 11 A D 2d 1038; Domke, Commercial Arbitration, § 19.03; cf. Matter of Greater N. Y. Term. [Horn Constr. Co.], 12 A D 2d 820; as to conditions precedent in labor arbitration agreements, Matter of Long Is. Lbr. Co. [Martin], 15 N Y 2d 380, esp. at p. 386; as to role of architect in construction contracts, Ann., Architect’s Certificate—Liability, 43 ALR 2d 1227; as to the strictness with which conditional stipulations for extra work are considered, Ann., Private Construction Contract—Extras, 2 ALR 3d 620).
It hardly needs expression that the present departure seriously debases the value of the protective clauses in the standard contract which have the salutary purpose of preventing dishonest or afterthought claims by requiring precautions in writing timely made.
Chief Judge Fuld and Judges Burke, Scileppi, and Bergan concur with Judge Gibson; Judge Breitel dissents and votes to reverse in a separate opinion in which Judge Jasen concurs.
Order affirmed.